IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SUSAN B. WILLSON ) | |
| ) | |
| Plaintiff, ) | Civil Action No. |
| vs. ) | |
| ) | |
| ACADEMY COLLECTION SERVICE, ) | |
| INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

**COMPLAINT**
**UNLAWFUL DEBT COLLECTION PRACTICES**

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereafter the "FDCPA"). The FDCPA prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

### II. JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

2. Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

### III. PARTIES

3. Plaintiff Susan B. Willson is an adult individual residing at 2855 Franklin Walk, Falls Church, VA 22042.

4. Defendant Academy Collection Service, Inc. is a business entity engaged in the business of collecting debts in this Commonwealth with its principal place of business located at 10965 Decatur Road, Philadelphia, PA 19154. The principal purpose of Defendant is the

collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

### IV. **FACTUAL ALLEGATIONS**

5. At all times pertinent hereto, Defendant was hired by Citibank to collect a debt relating to consumer credit card purchases that were allegedly originally owed to Citibank (hereafter the "debt").

6. The debt at issue arises out of an alleged transaction which was primarily for personal, family or household purposes.

7. In May 2007, Defendant contacted Plaintiff at her place of employment in an attempt to coerce Plaintiff's payment of the debt.

8. Notwithstanding the above, following the above, in May 2007, Defendant contacted Plaintiff's sister-in-law, Barbara Beach, at her place of residence in an attempt to coerce Plaintiff's payment of the debt with the intent to annoy, abuse, and harass such persons contacted. During the conversation, Defendant indicated it was calling for Plaintiff and the matter was "very serious."

9. Notwithstanding the above, on or about June 3, 2007, Defendant contacted Mrs. Beach again at her place of residence in an attempt to coerce Plaintiff's payment of the debt with the intent to annoy, abuse, and harass such persons contacted.

10. Notwithstanding the above, on or about June 5, 2007, Defendant contacted Plaintiff at her place of employment in an attempt to coerce payment of the debt, with the intent to annoy, abuse, and harass such persons contacted.

11. In response to the above, on or about June 5, 2007, Plaintiff returned Defendant's phone call. During the conversation, Plaintiff told Defendant that it was not to call her at her

place of employment, as such calls were inconvenient to her and that her employer did not permit such calls at her place of employment. Additionally, Plaintiff attempted to discuss a payment plan, to which Defendant responded with terms Plaintiff could not afford. Defendant then demanded that Plaintiff take a loan from her credit union. When Plaintiff indicated such an action would take at least two days, Defendant responded by stating it would "place a hold on her bank account" while she applied for the loan.

12. Notwithstanding the above, on or about June 6, 2007, Defendant contacted Plaintiff at her place of employment in an attempt to coerce payment of the debt, with the intent to annoy, abuse, and harass such persons contacted.

13. In response to the above, Plaintiff contacted Defendant and spoke to a representative, employee and/or agent from Defendant identifying herself as "Ms. Scott." During the conversation, Plaintiff again attempted to discuss a payment plan, which Ms. Scott outright refused. Plaintiff was then transferred to a representative, employee and/or agent from Defendant identifying himself as a "supervisor" and as "Todd Green." During the conversation with Mr. Green, Plaintiff was greeted with a barrage of questions. When Plaintiff indicated she could not remain on the phone, Mr. Green became rude and indicated he was making a note on Plaintiff's file indicating she "refused to settle."

14. Notwithstanding the above, on or about June 7, 2007, Defendant contacted Plaintiff at her place of employment in an attempt to coerce payment of the debt, with the intent to annoy, abuse, and harass such persons contacted.

15. In response to the above, on or about June 7, 2007, Plaintiff wrote and sent via U.S. Mail to Defendant a letter (hereafter "Letter") which, *inter alia*, in addition to detailing her attempts to discuss a payment plan with Defendant, directed Defendant to cease and desist

contact with Plaintiff at her place of employment. (A true and correct copy of the Letter is attached hereto as Exhibit "A" and is incorporated herein).

16. Notwithstanding the above, on or about June 8, 2007, Defendant contacted Plaintiff at her place of employment in an attempt to coerce payment of the debt, with the intent to annoy, abuse, and harass such persons contacted.

17. Notwithstanding the above, on or about June 11, 2007, Defendant contacted Plaintiff at her place of employment in an attempt to coerce payment of the debt, with the intent to annoy, abuse, and harass such persons contacted.

18. Notwithstanding the above, on or about June 12, 2007, Defendant contacted Plaintiff at her place of employment in an attempt to coerce payment of the debt, with the intent to annoy, abuse, and harass such persons contacted, including but not limited to once more that day.

19. Notwithstanding the above, on or about June 13, 2007, Defendant contacted Plaintiff at her place of employment in an attempt to coerce payment of the debt, with the intent to annoy, abuse, and harass such persons contacted.

20. Notwithstanding the above, on or about June 14, 2007, Defendant contacted Plaintiff at her place of employment in an attempt to coerce payment of the debt, with the intent to annoy, abuse, and harass such persons contacted.

21. Notwithstanding the above, on or about June 15, 2007, Defendant contacted Plaintiff at her place of employment in an attempt to coerce payment of the debt, with the intent to annoy, abuse, and harass such persons contacted.

22. The Defendant acted in a false, deceptive, misleading and unfair manner when it, without permission from the Plaintiff, communicated with persons other than the Plaintiff on more than one occasion.

24. The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiff to pay the debt.

25. The Defendant acted in a false, deceptive, misleading and unfair manner by continuing to communicate with the Plaintiff at her place of employment when the Defendant knew or had reason to know that that such calls were inconvenient to her and that her employer did not permit such calls at her place of employment.

26. The Defendant acted in a false, deceptive, misleading and unfair manner by continuing to communicate directly with Plaintiff at her place of employment with regards to the debt after Plaintiff had notified Defendant in writing to cease further communications.

27. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with said law.

28. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

29. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

30. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and they will continue to suffer same for an indefinite time in the future, all to their great detriment and loss.

## V. FIRST CLAIM FOR RELIEF- VIOLATION OF THE FDCPA

31. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

32. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

33. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

34. The above contacts between Defendant and Plaintiff were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

35. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, violations of 15 U.S.C. §§ 1692b(3), 1692c(a)(1), 1692c(a)(3), 1692c(b), 1692c(c), 1692d, 1692d(5), 1692e, 1692e(5), 1692e(10), and 1692f, as evidenced by the following conduct:

    (a) Communicating with persons other than the Plaintiff on more than one occasion;

    (b) Communicating with the Plaintiff at an unusual time or place or a time or place known or which should be known to be inconvenient to the Plaintiff;

(c) Communicating with the Plaintiff at her place of employment when the Defendant knew or had reason to know that the Plaintiff's employer prohibits the Plaintiff from receiving such communications;

(d) Communicating, in connection with the collection of a debt with persons other than the Plaintiff;

(e) Contacting Plaintiff after she had notified Defendant in writing to cease contacting her;

(f) Engaging in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt;

(g) Causing a telephone to ring or engaging any person in conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number;

(h) Threatening to take action that cannot be legally be taken and/or is not intended to be taken; and

(i) Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect the alleged debt from the Plaintiff.

36. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the alleged debt.

37. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

    (a)    That judgment be entered against Defendant for actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

    (b)    That judgment be entered against Defendant for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    (c)    That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3); and

    (d)    That the Court grant such other and further relief as may be just and proper.

## VI.    SECOND CLAIM FOR RELIEF- INVASION OF PRIVACY

38.    Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

39.    Defendant continuously and repeatedly contacting Plaintiff at Plaintiff's place of employment constitutes an invasion of privacy.

40.    As a result of Defendant's above mentioned conduct, Plaintiff sustained and continues to sustain the losses and damages as set forth above.

WHEREFORE, Plaintiff claim compensatory, punitive and all other forms of cognizable damages against Defendant and judgment in her favor.

## VI.    JURY TRIAL DEMAND

41.    Plaintiff demands trial by jury on all issues so triable.

                                        **RESPECTFULLY SUBMITTED,**

                                        FRANCIS & MAILMAN, P.C.

BY: _____
MARK D. MAILMAN, ESQUIRE
JAMES A. FRANCIS, ESQUIRE
JOHN SOUMILAS, ESQUIRE
Attorneys for Plaintiff
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600

DATE: August 31, 2007